Matter of Santos v Sewell (2024 NY Slip Op 03556)

Matter of Santos v Sewell

2024 NY Slip Op 03556

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Moulton, J.P., Friedman, Kapnick, Shulman, Michael, JJ. 

Index No. 151966/23 Appeal No. 2573 Case No. 2023-04620 

[*1]In the Matter of Helder Santos, Petitioner-Appellant,
v
Keechant L. Sewell etc., et al., Respondents-Respondents.

Worth, London & Martinez, LLP, New York (Stuart Gold of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (MacKenzie Fillow of counsel), for respondents.

Judgment (denominated an order) Supreme Court, New York County (Frank P. Nervo, J.), entered August 18, 2023, which, to the extent appealed as limited by the briefs, denied the petition to annul respondents' November 3, 2022 determination terminating petitioner's employment as a police officer and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The penalty of dismissal from employment as a police officer for use of cocaine does not shock the conscience and is not disproportionate to the misconduct (Matter of Gordon v Brown, 84 NY2d 574, 580 [1994]). This Court has upheld this penalty numerous times over the years in similar situations (see Matter of Quire v City of New York, 189 AD3d 467, 468 [1st Dept 2020]; Matter of Lumezi v Bratton, 147 AD3d 566 [1st Dept 2017]; Matter of Jones v Kelly, 111 AD3d 415 [1st Dept 2013]).
Petitioner contends that respondents and the court did not consider the harmful effect on his family of termination of his employment and loss of pension benefits under circumstances where he asserts the drug test results were in doubt. However, the Police Commissioner found that there was no reasonable dispute concerning the test results and in matters of police discipline, great leeway is accorded the Police Commissioner's determination concerning appropriate punishment because, the Commissioner, not the courts, are accountable to the public for the integrity of the police force (Trotta v Ward, 77 NY2d 827, 828 [1991]). Moreover, the NYPD Disciplinary System Penalty Guidelines provide for termination from employment as the presumptive penalty for a positive drug test for cocaine and ingestion of a banned substance. The Police Commissioner expressly stated that she had considered the totality of the circumstances and issues in making her determination, contrary to petitioner's claim.
We have considered petitioner's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024